Judge Robart

_______ FILED _______ ENTERED
_______ LODGED _______ RECEIVED

MAY 11 2011

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

11-CR-00029-PLAGR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. CHARLES TURNER HABERMANN, Defendant. | NO. CR11-29JLR<br>PLEA AGREEMENT |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Michael Dion, Assistant United States Attorney, and Defendant, CHARLES TURNER HABERMANN, and his attorneys, William Kopeny and Jennifer Horwitz, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1. The Charge. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the offense of Threatening a Federal Official, in violation of Title 18, United States Code, Sections 115(a)(1)(B) and (b)(4), as charged in Count 1 of the Indictment. By entering the plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering the plea of guilty, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the government in a prosecution for perjury or false statement.



UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

2. Elements of the Offense. The elements of the offense of Threatening a Federal Official, in violation of Title 18, United States Code, Sections 115(a)(1)(B) and (b)(4), as charged in Count 1 of the Indictment, are as follows:

> First, the defendant threatened to assault and murder a United States official; and
>
> Second, the defendant acted with the intent to impede, intimidate, or interfere with such official while engaged in the performance of official duties, or with the intent to retaliate against such official on account of the performance of official duties.

3. The Penalties.

a. Defendant understands that the statutory penalties for the offense of Threatening a Federal Official, in violation of Title 18, United States Code, Sections 115(a)(1)(B) and (b)(4), as charged in Count 1 of the Indictment, are as follows: Imprisonment for up to ten (10) years, a fine of up to $250,000, a period of supervision following release from prison of up to three (3) years, and a $100 penalty assessment. Defendant agrees that the penalty assessment shall be paid at or before the time of sentencing.

b. Defendant understands that in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law. Defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

c. Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately, and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

d. Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he



UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

violates one or more of its conditions, he could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

4. Rights Waived by Pleading Guilty. Defendant understands that, by pleading guilty, he knowingly and voluntarily waives the following rights:

a. The right to plead not guilty, and to persist in a plea of not guilty;

b. The right to a speedy and public trial before a jury of Defendant's peers;

c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d. The right to be presumed innocent until guilt has been established at trial, beyond a reasonable doubt;

e. The right to confront and cross-examine witnesses against Defendant at trial;

f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h. The right to appeal a finding of guilt or any pretrial rulings.

5. United States Sentencing Guidelines. Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from



UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a. The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the other factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties, or by the United States Probation Department; and

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6. Ultimate Sentence. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

7. Statement of Facts. The parties agree on the following facts in support of Defendant's guilty plea and sentencing. Defendant admits he is guilty of the offense.

a. Beginning on or about December 9, 2010, and continuing through on or about December 10, 2010, CHARLES TURNER HABERMANN left two threatening voicemail messages for United States Congressman James A. McDermott at his office located in downtown Seattle, Washington. The timing of the threatening voicemail messages left by HABERMANN coincided with the debate in the U.S. House of Representatives over a tax and unemployment insurance bill that was eventually passed by the United States Congress and signed into law by the President of the United States on December 17, 2010.



UNITED STATES ATTORNEY
700 Stewart Street, Floor 5
Seattle, Washington 98101
(206) 553-7970

c. In one of the messages, HABERMANN stated the following:

Hey I was going to McDermott my name's Charles uh, Habermann, uh my number is [REDACTED]. I was calling Jim McDermott because I saw him on television the other night and I realized what a disgusting, filthy, murderous cock-sucker he was. What a criminal was, the idea that he said that uh, poor people's uh, money, poor people's money that the Government gives belongs to him. That, that, that, that reducing taxes on rich people is, is in effect a tax cut in effect, it effected the Government spending program. Jim, Jim McDermott's uh, theft of tax payer dollars, the less he steals, means that the, that the less the Government spends. Uh, I, I, I'd like to remind you McDermott that if you read the constitution all the money belongs to the people. None of it belongs to Government. Okay! So, if Jim McDermott says they're spending money on a tax cut, he's a piece of human dog shit, okay. He's a piece of human filth. He's a liar, he's a communist, he's a piece of fucking garbage. Thomas Jefferson, James Madison, or George Washington, Alexander Hamilton, if any of them had ever met uh, uh Jim McDermott, they would all blow his brains out. They'd shoot him, in the head. They'd kill him, because he's a piece of, of, of disgusting garbage. He's a piece of filth. He's a criminal. He advocates stealing people's money to give it to losers. That's a criminal conspiracy to commit fraud, okay. That is what the majority of the democratic party engage in every day of every week of every fucking year because they're scum bags. They are disgusting filthy fucking scum bags. And you let that fucking scum bag know, that if he ever fucks around with my money, ever the fuck again, I'll fucking kill him, okay. I'll round them up, I'll kill them, I'll kill his friends, I'll kill his family, I will kill everybody he fucking knows. Alright! So if you want to fuck with me, you go ahead but you let that fucker know, the next time he fucks around, I'll kill him, okay! Good night and good bye, you fucker.

b. During the second voicemail message, HABERMANN stated the following:

My name is Charles Char Habermann, my phone number is [REDACTED]. I'm calling because your congressman is a piece of human garbage. Um, I'm calling because your congressman is, is a communist. I'm calling because your congressman is a piece of filth. Um, does he understand when he says that they're giving money to tax breaks for rich? Does he understand that, that the wealthy people that, that's their money? They earn that money. Has he ever read "Federalist Paper Number Ten"? Has he ever read John Lock's "Second Treaties of Government"? Has he ever read the of property section of John Lock's "Second Treaties of Government"? No, probably not because he's not an intellectual, he doesn't understand the rules and the political theory that set up the basis for our Government. That's why he thinks he can steal money from people and give it away to losers and get away with it. Well guess what, you're crooked, criminal, cock-sucking Jim McDermott will never get away with it. And I'll tell you something right now, I'll fucking hunt that guy down and I'll fucking get rid of him. Do you understand that? I'll get the fuck rid of him. I'll pay people, I'll pay my friends, I, I grew up in Chicago just like your scum bag fucking Jim McDermott did. I grew up in downtown Chicago, you understand that? Does, does your fucking boy understand that? I grew up in Chicago just like him. But guess what, I'm not a criminal like he is, I'm not a thief like he is. I don't steal other people's money to give it to losers



UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

> like he does. Your congressman, Jim McDermott is a piece of garbage. And I'll tell you something right now, garbage belongs in the trash that's exactly where he's gonna end up. You understand that? You understand it you fuckers? You worthless stupid Democrat cock-sucking fuckers. You think you can steal my money and get away with it? You think you're gonna steal my fucking money and get away with it, you fuckers. You people are criminal scum bags and I ha, I hate you. I hate Jim McDermott. I have your friends, I hate his family, I hate his kids, I hate every, everybody fuck...do you know, I could round them all up, you know, I could look for them. I got a lot of money, you understand? I got a lot of money and I got a lot of friends and that cock-sucker is going down, you understand it? Your cock-sucking loser is going down, and guess what, tell your fagot fucking friend, I'm from Chicago too, and I fucking take care of his ass. Good bye, mother fucker!

c. HABERMANN made both phone calls from his home in Palm Springs, California. HABERMANN's goal in leaving the messages was to frighten Congressman McDermott into voting the way that HABERMANN wanted him to vote.

d. During the same time period, HABERMANN left similar threatening messages for another member of Congress, C.P.

e. In March of 2010, HABERMANN left threatening messages for a California Assembly Member. Law enforcement contacted HABERMANN and warned him to stop making threats.

8. Sentencing Factors. The parties agree that the following Sentencing Guidelines provisions apply to this case:

a. A base offense level of 12, pursuant to USSG § 2A6.1(a)(1).

b. A six-level upward adjustment because the victim of the offense was a government official and the offense of conviction was motivated by such status, pursuant to USSG § 3A1.2(b).

c. The United States acknowledges that if Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG § 3E1.1(a), and if the offense level is sixteen (16) or greater, his total offense level should be decreased by three (3) levels, pursuant to USSG §§ 3E1.1(a) and (b), because he has assisted the United States by timely notifying the authorities of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to



UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

allocate its resources efficiently on factors set forth in the United States Sentencing Guidelines, including Section 3E1.1.

d. The Government may seek a two-level upward adjustment for an offense involving more than two threats, pursuant to USSG § 2A6.1(b)(2)(A). The defense remains free to dispute that adjustment. The Government agrees not to seek any additional upward adjustments to the offense level. The defense is free to argue the application of any other provisions of the United States Sentencing Guidelines apart from the stipulated adjustments. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

9. Sentencing Agreement. The government will recommend a sentence of imprisonment of no greater than the low end of the applicable Sentencing Guidelines range as determined by the Court at the time of sentencing. Defendant is free to recommend any sentence allowed under the law. The parties also agree to recommend substance abuse treatment as a condition of probation or supervision. The parties also agree to recommend that the Defendant be barred from any direct or indirect contact with Congressman James McDermott, Congresswoman Chellie Pingree, any their employees and staff members.

10. Non-Prosecution of Additional Offenses. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, or that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes that the United States has agreed not to prosecute all of the criminal charges that the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant acknowledges and agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will



UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

provide the United States Probation Office with evidence of all relevant conduct committed by Defendant.

11. Breach, Waiver, and Post-Plea Conduct. Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that is in violation of his conditions of release or confinement (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

12. Statute of Limitations. In the event that this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea



UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

Agreement by Defendant is discovered by the United States Attorney's Office.

13. Voluntariness of Plea. Defendant acknowledges that he has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

14. Completeness of Agreement. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement only binds the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 11th day of May, 2011.

CHARLES TURNER HABERMANN
Defendant

Jennifer Horwitz for
WILLIAM KOPENY
Attorney for Defendant

Jennifer Horwitz
JENNIFER HORWITZ
Attorney for Defendant

Michael Dion for
TODD GREENBERG
Assistant United States Attorney

MICHAEL DION
Assistant United States Attorney



UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

# INSTRUCTIONS FOR PAYING SPECIAL ASSESSMENTS PRIOR TO SENTENCING

1. Special Assessments paid prior to sentencing must be paid to the Clerk, United States District Court.

2. Special Assessments must be paid by a first party, certified, or cashiers check, or a money order. No second party checks will be accepted. No post-dated checks will be accepted.

3. All checks must be made out in U.S. dollars to "Clerk, U.S. District Court.

4. All checks or money orders must be accompanied by the attached form entitled, "Plea Agreement Special Assessment Payments." The entire form must be filled out or the Clerk, United States District Court, will not accept the payment.



UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

PLEA AGREEMENT SPECIAL ASSESSMENT PAYMENT

DATE:

FROM:

TO: CLERK, U.S. DISTRICT COURT
ATTN: INTAKE TEAM

CASE NAME: UNITED STATES v. CHARLES TURNER HABERMANN

CASE DOCKET NUMBER: CR11-29JLR

DEFENDANT'S NAME: CHARLES TURNER HABERMANN

SINGLE OR MULTIPLE DEFENDANTS: SINGLE

TOTAL SPECIAL ASSESSMENT PER DEFENDANT AS SET FORTH IN THE PLEA AGREEMENT: ONE HUNDRED DOLLARS AND NO CENTS ($100.00)



UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970